IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GLENNA LEFLORE,

    Plaintiff,

v.

BOLLINGER INDUSTRIES, et al.,

    Defendant.

No. C 05-02428 CRB

**ORDER TO SHOW CAUSE**

Plaintiff filed a complaint in state court alleging personal injuries caused by products manufactured and sold by defendants. Now pending before the Court is defendants' Notice of Removal based on diversity jurisdiction.

A district court may sua sponte raise the issue of subject matter jurisdiction. See Galt G/S v. Hapag-Lloyd AG, 60 F.3d 1370, 1373 (9th Cir. 1995). As the party invoking the court's diversity jurisdiction, a removing defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. See Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). If it is unclear from the complaint what amount of damages plaintiff seeks, "the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); see also Valdez v. Allstate Ins. Co., 372 F.3d 1115 (9th Cir. 2004) (stating that the removing defendant needs to "provide evidence establishing that it is more likely than not that the amount in controversy exceeds

that amount.") (internal quotations and citations omitted). A defendant must set forth in the removal petition itself the underlying facts supporting its assertion that the amount in controversy is met. See Gaus, 980 F.2d at 566. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id.

In Valdez, for example, the defendant removed the plaintiff's state tort-law action on diversity grounds. The removal petition stated merely that "'upon information and belief, [it] submits that the amount in controversy exceeds $75,000.00.'" As the plaintiff did not move to remand, the district court never addressed whether the amount-in-controversy requirement was satisfied. The district court granted the defendant summary judgment on the merits and the plaintiff appealed. On appeal the Ninth Circuit sua sponte determined that it could not reach the merits of the appeal because it was unable to satisfy itself that the court had subject matter jurisdiction. Id. at 1117. The court concluded that the defendant's statement that upon information and belief the amount in controversy was met "hardly constitutes proof 'by a preponderance of the evidence.'" Id. Accordingly, the court remanded the action to the district court for a determination of whether the amount in controversy is sufficient to confer removal jurisdiction. Id. at 1118.

The Court is not satisfied that defendant has proved that the amount in controversy is met. As in Valdez, defendants claim that the amount in controversy is met based only upon information and belief. The attached complaint seeks general damages and medical expenses, and pleads only that damages exceed $25,000.

Therefore, defendant is hereby ORDERED to show cause why this case should not be remanded. On or before July 1, 2005 defendant shall file a submission demonstrating by a preponderance of the evidence that the amount in controversy is met. If defendant fails to file a brief by that time, the Court will remand the case.

**IT IS SO ORDERED.**

Dated: June 17, 2005

/s/
CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2005\2428\OSC.wpd          2

**United States District Court**

For the Northern District of California